UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TONY C. GREEN, JR.,

                                                                                   DECISION AND ORDER

                                  Plaintiff,

                                                                                   19-CV-1377L

                v.

ANDREW SAUL,
Commissioner of Social Security,

                                  Defendant.
_____

        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        On January 26, 2016, plaintiff, then twenty-one years old, filed an application for Supplemental Security Income, alleging disability beginning January 26, 2015. (Administrative Transcript, Dkt. #6 at 12). His applications were initially denied. Plaintiff requested a hearing, which was held September 7, 2018 via videoconference before Administrative Law Judge ("ALJ") Eric Eklund. The ALJ issued an unfavorable decision on October 2, 2018. (Dkt. #6 at 15-24). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 12, 2019. (Dkt. #6 at 1-3). Plaintiff now appeals.

        The plaintiff has moved for remand of the matter for further proceedings (Dkt. #9), and the Commissioner has cross moved (Dkt. #11) for judgment on the pleadings, pursuant to Fed. R. Civ.

Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the decision appealed-from is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records throughout the relevant period. Plaintiff's educational records reflect the presence of a learning disability, which the ALJ concluded was a severe impairment not meeting or equaling a listed impairment. (Dkt. #6 at 17).

Upon review of the record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following nonexertional limitations: limited to simple and unskilled tasks in a low stress job, with no more than occasional interaction with the public. In addition, plaintiff cannot work in jobs requiring math abilities greater than fourth grade level, or reading and writing abilities greater than third grade level. (Dkt. #6 at 20).

When provided this RFC as a hypothetical question at the hearing (wherein the ALJ more specifically defined a "low stress" job as one that involves only occasional decision-making and only occasional changes in the work setting), vocational expert Lynn Paulson testified that such an individual could perform the representative unskilled positions of hand packer (packager), dishwasher and landscape laborer. (Dkt. #6 at 23).

I.      **Evaluation of Plaintiff's Ability to Learn New Tasks**

Plaintiff argues that the ALJ erroneously failed to appropriately take into account plaintiff's limitations in learning new tasks.

School psychologist Karen Sanford Murphy assessed plaintiff on February 17, 2012, when he was 17 years old, taking eleventh grade special education coursework. (Dkt. #6 at 211- 15). She opined that plaintiff's intellectual functioning was in the "low average" range, but that plaintiff was "a likable, respectful young man who is challenged by difficulties with sustained attention, physical restlessness, underdeveloped impulse control, and less developed problem-solving skills." (Dkt. #6 at 215). She recommended continuation of plaintiff's learning disability classification and special education support and reinforcement, in addition to the use of "multi-modal" (that is, utilizing multiple modalities, such as kinesthetic, auditory, visual and/or tactile) presentation of instructional material, "when feasible." *Id*.

Examining psychologist Dr. Janine Ippolito examined plaintiff on April 22, 2016, and opined, among other things, that plaintiff would have "mild" limitations in learning new tasks. (Dkt. #6 at 276-80).

The ALJ did not mention Ms. Murphy's assessment, but gave Dr. Ippolito's opinion "great weight." Plaintiff argues that the ALJ erroneously overlooked Ms. Murphy's assessment, and failed to account for the mild learning limitations described by Dr. Ippolito. As a result, plaintiff argues, the RFC determined by the ALJ did not contain appropriate limitations concerning plaintiff's ability to learn new tasks.

The Court disagrees. Initially, the ALJ did not fail to incorporate Dr. Ippolito's opinion concerning a "mild" limitation in learning new tasks into his RFC finding. Dr. Ippolito found that plaintiff could "follow and understand simple directions and instructions, perform simple tasks

independently, maintain attention and concentration, maintain a regular schedule, perform complex tasks independently . . . make appropriate decisions [and] learn new tasks with mild limitations." (Dkt. #6 at 280). By limiting plaintiff to simple, unskilled tasks in a low-stress environment, defined as involving only occasional decision-making and only occasional changes to the work environment, the ALJ's RFC finding reasonably accounted for all of the limitations that were described by Dr. Ippolito. *See generally Saxon v. Colvin*, 2015 U.S. Dist. LEXIS 83447 (W.D.N.Y. 2015) (RFC limiting plaintiff to simple, routine tasks in a low stress, low contact environment sufficiently accounts for even a moderate limitation in the ability to learn new tasks).

Furthermore, while school psychologists are "acceptable medical sources" for purposes of evaluating the record, and educational assessments for a younger applicant are undoubtedly relevant to the determination of his ability to perform the intellectual and mental demands of work, I find that to the extent that the ALJ erred by failing to analyze Ms. Murphy's report as an "opinion," such error was harmless. *See generally Sanchez v. Commissioner*, 2014 U.S. Dist. LEXIS 115153 at *56 (S.D.N.Y. 2014)("[e]ducational records would arguably be as probative as any other records where the claimant applied for benefits as a 19-year-old high school student with no work experience asserting cognitive and mental health impairments"). Simply put, there is no inconsistency between Ms. Murphy's recommendation that plaintiff be taught educational material using "multi-modal" techniques "when feasible," and the ALJ's RFC determination, which included significant mental limitations restricting plaintiff to simple, unskilled tasks in a low-stress environment with no more than occasional changes. *See Sewar v. Berryhill*, 2018 U.S. Dist. LEXIS 124602 at *7 (W.D.N.Y. 2018) (RFC limiting claimant to simple tasks in a low stress environment accounts for, inter alia, mild limitations in learning new tasks); *Martinez v. Commissioner*, 2017 U.S. Dist. LEXIS 93475 at *20-*21 (N.D.N.Y. 2017) (collecting cases, and noting that the

4

"Second Circuit has held that [even] moderate limitations in work related functioning do[] not significantly limit, and thus prevent, a plaintiff from performing unskilled work").

Indeed, even if the ALJ erred in failing to include even greater limitations specific to the learning of new tasks in his RFC finding (e.g., limiting plaintiff to routine, repetitive tasks and/or simple instructions), this error would also be harmless. Two of the three positions identified by the vocational expert – hand packer and dishwasher – involve simple instructions and/or the performance of simple, routine and repetitive tasks. *See Carlson v. Berryhill*, 2018 U.S. Dist. LEXIS 15095 (S.D.N.Y. 2018) (individual limited to simple, repetitive jobs can perform the position of hand packer); *Millidge v. Colvin*, 2014 U.S. Dist. LEXIS 113033 (W.D.N.Y. 2014) (dishwasher position involves repetitive and routine tasks); *Barnes v. Astrue*, 2014 U.S. Dist. LEXIS 10325 (W.D.N.Y. 2014) (dishwasher occupation is consistent with a limitation to simple, routine and repetitive tasks); *Stuart v. Colvin*, 2014 U.S. Dist. LEXIS 141121 (E.D.N.Y. 2014) (individual limited to simple, routine and repetitive work can perform the position of hand packer).

In short, I find that the ALJ did not overlook material evidence, that the weight given by the ALJ to the opinions of record was appropriate and sufficiently explained, and that the ALJ's decision is supported by substantial evidence, and was not the product of reversible legal error.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #9) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #11) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 3, 2020.